CARLTON, J.,
concurring in part and dissenting in part:
’ ¶ 63.. . I would affirm -the chancellor’s judgment in this case. In applying our controlling standard of review, I' submit that the record supports the income-based-approach valuation utilized by the chancellor in determining the market value' of Paul’s company, NLS. The record also supports the chancellor’s finding that the parties failed in their obligation to present *914 evidence below to support use of the income-based approach.
¶ 64. In utilizing the income-based approach, the chancellor explained that she “would need a valuation expert to review the historic earnings, and after adjusting the income to reflect normalized earnings, multiply the normalized earnings by a capitalization factor.” The record reflects that neither Paul nor Laura presented a valuation expert. As a result of the lack of evidence provided by the parties to support the income-based approach, the record shows that the chancellor “considered the income and assets of [NLS] balanced with the debts and liabilities of the company.” The evidence in the record supports the chancellor’s valuation using this asset approach.
¶ 65. We will not disturb the findings of a chancellor unless she was manifestly wrong or clearly erroneous, or applied an erroneous legal standard. Tatum v. Tatum, 54 So.3d 855, 859 (¶ 9) (Miss.Ct.App.2010). We will affirm a chancellor’s decision where it is supported by substantial credible evidence. Id. “[W]hen reviewing a chancellor’s equitable distribution of property, this Court ... reviews the judgment to ensure that the chancellor followed the appropriate standards and did not abuse [her] discretion.” Layton v. Layton, 181 So.3d 275, 279 (¶ 10) (Miss.Ct.App.2015) (citing Phillips v. Phillips, 904 So.2d 999, 1001 (¶ 8) (Miss.2004)).
¶ 66. Paul cannot complain on appeal that the chancellor abused her discretion by utilizing the income-based asset/liability approach hei-ein since Paul failed to present sufficient evidence to allow the chancellor to utilize the income-based approach. We have previously held that “this Court refuses to blame the chancellor for a party’s failure to present sufficient evidence of property valuation.” Jenkins v. Jenkins, 67 So.3d 5, 13 (¶ 20) (Miss.Ct.App.2011). As a result, I respectfully concur in part and dissent in part from the majority’s opinion. In so doing, I would affirm the judgment of the chancery court.